1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                    * * * * *

9   RICHARD HOLBROOK,                      )
                                           )
10                     Plaintiff,          )        3:06-CV-00215-LRH (VPC)
                                           )
11  vs.                                    )
                                           )        ORDER
12  STATE OF NEVADA, ex rel., ITS          )
    DEPARTMENT OF CORRECTIONS, a           )
13  governmental entity, JACKIE CRAWFORD,  )
    individually, GLEN WHORTON, individually )
14  and in his official capacity, DOES 1-10, )
    individuals,                           )
15                                         )
                       Defendants.         )
16  _____ )

17          Presently before this court is Defendants', the State of Nevada, ex rel., its Department of

18  Corrections, and Glen Whorton, motion for judgment on the pleadings or, in the alternative,

19  summary judgment (#18[1]).  Plaintiff has filed an opposition (#21), to which Defendants have

20  replied (#25).

21                          **FACTS AND PROCEDURAL HISTORY**

22          This matter previously came before the court on a motion for preliminary injunction filed

23  by Plaintiff.  The court's recitation of fact on that motion contains the facts relevant to the

24  pending motion as well and is repeated below.

25          Plaintiff is currently employed as a Senior Correctional Officer for Nevada's Department

26  of Corrections.  During his employment, Plaintiff "refused to engage in breach of procedure in

27  counting inmates, perimeter checks and strip searches of inmates."  (Compl. ¶ 6.)  According to

28

    _____

        [1]  References to (#XX) refer to the court's docket.

1    Plaintiff, his refusal to breach prison procedures was "resented by those responsible for these

2    derelictions." *Id*. ¶ 7.  At some point during his employment, Plaintiff expressed his concerns to

3    Defendant Whorton, the Interim Director of the Department of Corrections.

4           On May 15, 2005, an incident occurred at Nevada State Prison during a search for

5    alcohol-based substances.  According to Plaintiff, he responded to this incident with "valor and

6    courage." *Id*. ¶ 5.  Nevertheless, Plaintiff alleges that the Doe Defendants made false statements

7    that "included the assertion or implication that during the incident Plaintiff was detached and

8    unhelpful after backup officers arrived and entered the Unit and that Plaintiff never entered the

9    wing and never assisted in controlling inmates . . . ." *Id.* ¶ 8.  Plaintiff further alleges that the

10   same defendants stated that he "behaved in a cowardly fashion." *Id*.  According to Plaintiff,

11           such statements, when publicized in a secure law enforcement environment,
             naturally cause tension, create doubt, create lack of trust, and hamper an officer's
12           ability to be able to depend upon his fellow officers for backup, deplete an
             officer's credibility with inmates in terms of control and respect, and cause
13           management to question Plaintiff's capabilities.

14           *Id*. ¶ 13.

15           As a result of these statements, Plaintiff alleges that his career path has been harmed and

16   that he has "suffered harm to his reputation and good will, emotional distress, mental anguish,

17   humiliation, embarrassment, grief, ostracism, frustration and anxiety." *Id*. ¶¶ 12-13.  Plaintiff

18   further alleges that the institutional and departmental administrators failed to take reasonable

19   steps to stop the dissemination of false statements and restore Plaintiff's credibility in the eyes of

20   both law enforcement and the inmates.

21           Plaintiff's complaint was originally filed in state court and contained claims of state law

22   defamation, violation of Plaintiff's first amendment rights via 42 U.S.C. § 1983, injunctive relief,

23   state law intentional infliction of emotional distress (IIED), and state law negligence.  The matter

24   was removed to federal court by Defendants and the court considered and denied the

25   aforementioned motion for preliminary injunction.  Defendants now move for judgment on the

26   pleadings or, in the alternative summary judgment.  The parties have stipulated to a stay in

27   discovery pending the outcome of the pending motion.  Stipulation and Order (#19).

28   ///

1

**LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS**

2      Rule 12(c) of the Federal Rules of Civil Procedure provides, "[a]fter the pleadings are

3   closed but within such time as not to delay the trial, any party may move for judgment on the

4   pleadings." Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when there are no issues

5   of material fact, and the moving party is entitled to judgment as a matter of law." *General*

6   *Conference Corp. of Seventh Day Adventists v. Seventh Day Adventist Congregational Church* ,

7   887 F.2d 228, 230 (9th Cir. 1989).  "The Motion for a judgment on the pleadings only has utility

8   when all material allegations of fact are admitted or not controverted in the pleadings and only

9   questions of law remain to be decided by the district court." 5C Charles Alan Wright & Arthur

10   R. Miller, *Federal Practice and Procedure* § 1367 (3d. Ed. 2004).  "In ruling on a motion for

11   judgment on the pleadings, district courts must accept all material allegations of fact alleged in

12   the complaint as true, and resolve all doubts in favor of the non-moving party." *Religious Tech.*

13   *Ctr. v. Netcom On-Line Comm. Servs., Inc.,* 907 F.Supp. 1361, 1381 (N.D.Cal. 1995).  Judgment

14   on the pleadings is improper if the district court must go beyond the pleadings to resolve an

15   issue. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  Under

16   such circumstances, summary judgment is the proper procedure. *Id.*

17

**DISCUSSION**

18      Defendants' motion seeks a judgment on the pleadings or, in the alternative, summary

19   judgment and a stay of discovery.  The court's review of the record demonstrates that the parties

20   have stipulated to a stay in discovery pending the court's determination of this motion.  Further,

21   the court notes that Plaintiff contends he has had inadequate discovery to fully oppose a motion

22   for summary judgment.  Finally, the court notes that Defendants have provided little extrinsic

23   evidence upon which summary judgment could rest.  Accordingly, the court will construe this

24   motion as one for a judgment on the pleadings and will not consider summary judgment at this

25   time.

26      The court notes that Plaintiff has requested the court remand the remaining state law

27   claims in this matter to the Nevada state courts should his federal claim be dismissed.  The court

28   has the discretion to exercise its supplemental jurisdiction over Plaintiff's state law claims if the

1   court has dismissed all claims over which it had original jurisdiction.  28 U.S.C. § 1367(c)(3).

2   The court has reviewed the claims in this matter and opts to retain jurisdiction over the matter

3   should it dismiss all but the state law claims.

4          *1.     Defamation*

5          Plaintiff's first cause of action is brought under Nevada's defamation laws.  To prove

6   defamation in Nevada, a plaintiff must show: (1) a false and defamatory statement concerning the

7   plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting to at least

8   negligence on the part of the publisher; and (4) either actionability irrespective of special harm or

9   the existence of special harm caused by the publication.  *Lubin v. Kunin*, 17 P.3d 422, 425 (Nev.

10  2001).  Defendants attack the alleged defamatory statements as opinion, not fact, and claim that

11  they are privileged.

12         "Statements of opinion are protected speech under the First Amendment of the United

13  States Constitution and are not actionable at law."  *Id.* at 426.  The question to ask is whether a

14  reasonable person would understand the alleged defamatory statement as an opinion or a

15  statement of fact.  *Id.*  Some statements are properly categorized as "mixed type," "which is an

16  opinion which gives rise to the inference that the source has based the opinion on underlying,

17  undisclosed defamatory facts."  *Id.* (*quoting Nev. Ind. Broadcasting v. Allen*, 664 P.2d 337, 342

18  (Nev. 1983)).  In such instances, it is for the jury to determine whether the statement is fact or

19  opinion.  *Id.*

20         The statements alleged to be defamatory include assertions that Plaintiff was detached

21  and unhelpful during the incident in question, that he failed to enter the wing of the disturbance

22  or aid other officers in controlling inmates and that he generally acted as a coward.  The

23  allegations are of the "mixed type" defamatory statement category.  While the assertions of

24  cowardly behavior may be deemed opinion, it appears from the allegations that they are based

25  upon allegedly false statements of fact implying that Plaintiff took specific actions which he

26  claims he did not take.  As such, the court cannot dismiss this claim upon the pleadings.

27         Turning to privilege, the court notes that "statements made in good faith furtherance of

28  one's official duties are generally privileged."  *Jordan v. State ex rel. Dept. of Motor Vehicles*

1   *and Public Safety*, 110 P.3d 30, 48 n. 56 (Nev. 2005).  While this general statement is true, it

2   does not take into account the allegations made that the statements were made out of the context

3   of any official duties and with actual malice.  As such, judgment on the pleadings is

4   inappropriate.

5          Finally, the court notes that the defamation claim is not asserted against the named

6   defendants in this matter.  Rather, it is alleged that unnamed and unknown Doe Defendants made

7   the defamatory statements.  Generally, the courts disfavor the use of doe defendants.  *Wakefield*

8   *v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).  However, in situations where the identity of

9   alleged defendants will not be known prior to the filing of a complaint, "the plaintiff should be

10  given an opportunity through discovery to identify the unknown defendants, unless it is clear that

11  discovery would not uncover the identities, or that the complaint would be dismissed on other

12  grounds."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  In the present matter, it

13  appears that Plaintiff could ultimately discover the identities of the alleged Doe Defendants

14  through discovery and that the Doe Defendants' identities could not be known prior to the filing

15  of the complaint.  As such, the defamation claim will survive the present motion for judgment on

16  the pleadings as to the Doe Defendants only.  Plaintiff shall have an opportunity to discover the

17  names of the Doe Defendants and amend his complaint accordingly.

18          *2.     First Amendment Claim*

19          Plaintiff's second claim seeks damages for a violation of Plaintiff's First Amendment

20  rights through 42 U.S.C. § 1983.  The parties agree that the validity of Plaintiff's claim rests

21  upon this court's interpretation of *Garcetti v. Ceballos*, ___ U.S. ____, 126 S.Ct. 1951 (2006).

22  *Garcetti* requires the court to determine whether the speech at issue qualifies as citizen speech

23  upon a matter of public concern or whether the speech is merely government employee speech

24  upon a matter of employment.  The first type of speech is protected by the first amendment, the

25  second is not.  *Id.* at 1958.

26          The court previously considered the allegations contained within Plaintiff's complaint in

27  relation to a First Amendment claim in its order denying preliminary injunction dated July 13,

28  2006 (#14).  In that order the court construed the allegations of the complaint in the light most

5

1  favorable to Plaintiff yet ultimately found that Plaintiff failed to demonstrate his speech was

2  protected by the First Amendment.  The court has reviewed its analysis in light of the current

3  arguments of counsel and finds no reason to deviate from its previous determination.  Plaintiff's

4  speech was made as an employee upon a matter of employment and not as a citizen upon a matter

5  of public concern.  As such, judgment on the pleadings is appropriate as Plaintiff can

6  demonstrate no First Amendment violation.

7         *3.     Injunctive Relief & IIED Claims*

8         Plaintiff's third claim sought injunctive relief against the improper conduct alleged in the

9  complaint.  Plaintiff admits that this claim was previously denied by the court.  Further, Plaintiff

10  admits that his fourth claim, seeking damages for IIED, is subsumed within Plaintiff's

11  defamation claim.  Opp'n to Mot. for J. on the Pleadings (#21) at 4; *see Lieberman v. Fieger*, 338

12  F.3d 1076, 1082 (9th Cir. 2003) (noting that, under California law, an independent action for

13  IIED may not be based upon the same acts which failed to support a cause of action for

14  defamation).

15         *4.     Negligence*

16         Defendants Whorton and Crawford contend that Plaintiff's fifth cause of action, based in

17  negligence and contending that Defendants Whorton and Crawford failed to stop the Doe

18  Defendants from making the defamatory statements, cannot survive because Defendants

19  Whorton and Crawford are entitled to discretionary immunity under Nevada Revised Statute

20  (NRS) 41.031.  Under this statute, a suit may not be brought against an officer or employee of the

21  state which is "based upon the exercise or performance or the failure to exercise or perform a

22  discretionary function or duty on the part of the state or any of its agencies or political

23  subdivisions or any officer, employee or immune contractor . . ., whether or not the discretion

24  involved is abused."  Nev. Rev. Stat. § 41.031(2).  However, when a protected party's actions are

25  attributable to bad faith, discretionary immunity does not apply.  *Falline v. GNLV Corp.*, 823

26  P.2d 888, 891-92 (Nev. 1991).  One acts in bad faith when "an implemented attitude . . .

27  completely transcends the circumference of authority granted [to] the individual."  *Davis v. City*

28  *of Las Vegas*, 478 F.3d 1048, 1060 (9th Cir. 2007) (denying immunity to an officer who engaged

1   in a malicious battery of a handcuffed citizen who was neither resisting arrest nor attempting to

2   flee).

3         The allegations contained in the complaint are insufficient to overcome the protections of

4   Nevada's discretionary immunity statute.  Plaintiff's claims present no factual scenario wherein it

5   can be said that Defendants Whorton and Crawford's attitudes completely transcended the

6   circumference of their authority.  The control of their subordinates was always within these

7   defendants' discretion and a failure to stop defamatory comments, even if intentional and

8   malicious, is not so egregious as to transcend the circumference of their authority as is the case

9   with an unjustified battery of a handcuffed prisoner.  Accordingly, judgment on the pleadings is

10  appropriate for Defendants Whorton and Crawford.

11        Plaintiff also seeks to bring a negligent training and supervision claim against the Nevada

12  Department of Corrections.  To proceed on such a claim Plaintiff must demonstrate that: (1) an

13  employee presented a risk of harm to others; (2) that the employer knew or should have known of

14  this risk; and (3) that the employer failed to adequately train or supervise the employee resulting

15  in injury to the plaintiff caused by the employee's known risk.  *See generally Niece v. Elmview*

16  *Group Home*, 904 P.2d 784 (Wash. App. 1995); *accord Rockwell v. Sun Harbor Budget Suites*,

17  925 P.2d 1175, 1182 (Nev. 1996) (finding material issue of fact in negligent supervision and

18  training claim regarding whether employer knew employee was dangerous and failed to remedy

19  the situation through adequate training or supervision).  Plaintiff has failed to allege that the

20  Nevada Department of Corrections was aware that its employees posed a risk of harm through

21  the making of defamatory statements about other co-workers.  As such, judgment on the

22  pleadings is appropriate.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**CONCLUSION**

It is therefore ORDERED that Defendants' Motion for Judgment on the Pleadings or in the Alternative Summary Judgment and Stay of Discovery (#18) is GRANTED in part and DENIED in part as discussed above.

The only remaining claim is Plaintiff's defamation claim against the Doe Defendants. The State of Nevada shall remain as a named defendant for the limited purpose of discovery relative to the identification of the Doe Defendants.  Plaintiff shall have sixty (60) days from the date of this order to complete the limited discovery required to determine the identities of the Doe Defendants and amend his complaint accordingly.

DATED this 15th day of August, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE