UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| RICHARD HOLBROOK, | ) | |
| Plaintiff, | ) | 3:06-CV-00215-LRH-VPC |
| v. | ) | ORDER |
| ALOIS HANKE, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff Richard Holbrook's Motion for Reconsideration (#53[1]). Holbrook argues this court should reinstate two claims the court dismissed in its August 15, 2007, order granting in part and denying in part Defendants' October 6, 2006, Motion for Judgment on the Pleadings. In that order, this court dismissed Count Two (alleging First Amendment retaliation) and Count Five (alleging negligence) of Holbrook's original complaint. Holbrook now asks this court to reconsider its order based upon an intervening change in law.

**I.   Background**

Holbrook's original complaint was filed in state court and contained counts for defamation, First Amendment retaliation, intentional infliction of emotional distress, and negligence. After removing the case to this court, Defendants moved for judgment on the

---

[1] Refers to the court's docket entry number

pleadings. In its August 15, 2007, order, the court granted in part and denied in part Defendants' motion. Of significance here, the court's order dismissed Holbrook's First Amendment retaliation count on the basis that his alleged speech is unprotected by the First Amendment. As to Holbrook's negligence count, the court concluded at least some of allegations in support of the count are barred by discretionary immunity.

## II.    Legal Standard

While the Federal Rules of Civil Procedure do not explicitly recognize a motion to reconsider, this court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sera, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). This authority is governed by the law of the case doctrine under which a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). However, a court may have discretion to depart from the law of the case when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result. *Cuddy*, 147 F.3d at 1114.

## III.    Discussion

Holbrook first argues that this court should reconsider his First Amendment retaliation count in light of *Posey v. Lake Pend Oreille School District No. 84*, 546 F.3d 1121 (9th Cir. 2008), where the Ninth Circuit considered the effect of *Garcetti v. Ceballos*, 547 U.S. 410 (2006) at summary judgment. The plaintiff in *Posey* alleged that the defendant school district eliminated his job because of a letter he wrote criticizing a high school's safety practices. *See Posey*, 546 F.3d at 1123, 1125. The district court granted summary judgment to the school district on the basis that the plaintiff did not write the letter as a private citizen as required by *Garcetti*. *See id.* at 1123,

1125-26. On appeal, the Ninth Circuit held that "the determination whether the speech in question was spoken as a public employee or a private citizen presents a mixed question of fact and law." *Id.* at 1129. It further concluded that summary judgment was improper because the plaintiff had presented a genuine issue of fact regarding the scope of his job duties, which was determinative of whether he wrote the letter as a public employee or as a private citizen. *See id.* Based upon this intervening authority, Holbrook argues that he can present an issue of fact concerning the nature of his job duties, and therefore this court should reconsider its ruling that his alleged speech is unprotected by the First Amendment as a matter of law. The court disagrees.

In its August 15, 2007, order, the court based its dismissal of Holbrook's First Amendment retaliation count on two grounds: first, Holbrook's speech was made as an employee and not as a citizen; second, Holbrook's speech was upon a matter of employment rather than upon a matter of public concern. (*See* Aug. 15, 2007, Order (#27) at 6:3-5.) While *Posey*'s holding does bear upon the court's first ground for dismissal, *Posey* has no effect on this court's conclusion that Holbrook's speech was not upon a matter of public concern. Because Holbrook makes no showing that this court erred with respect to its second ground for dismissal, his motion for reconsideration is denied with respect to the First Amendment retaliation count.

Turning now to Holbrook's negligence count, the court concludes that the Nevada Supreme Court's decision in *Martinez v. Maruszczak*, 168 P.3d 720 (Nev. 2007), warrants reconsideration of this court's order. In *Martinez*, the court set forth a new framework for deciding whether official acts fall within Nevada's discretionary immunity statute, *Nevada Revised Statutes* section 41.032(2). In *Martinez*, the court held that "to fall within the scope of discretionary-act immunity, a decision must (1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy." *Martinez*, 168 P.3d at 729.

In its August 15, 2007, order, this court found that the allegations in Holbrook's complaint were insufficient to overcome discretionary immunity because Holbrook had presented "no factual

1  scenario wherein it can be said that Defendants Whorton and Crawford's attitudes completely
2  transcended the circumference of their authority." (Aug. 15, 2007, Order (#27) at 7:4-6.)
3  *Martinez*, however, requires a different analysis and result.
4  　　　In his original complaint, Holbrook alleges, "Institutional and Departmental administrators,
5  including Crawford and Whorton, acting within the scope of their employment with [NDOC],
6  failed to take and continue to fail to take reasonable steps within the standard of care at their level
7  of management and responsibility to cause the publications and republications to cease and desist
8  and to restore the credibility of Plaintiff in the eyes of law enforcement and inmates at the
9  institution and department-wide." (Compl. (#1), Ex. A ¶ 16.)  Applying the now-applicable
10 *Martinez* framework, the court cannot find that Holbrook's allegation is defeated by discretionary
11 immunity at the pleading stage.  Although the decision whether to stop defamatory statements
12 involves an element of individual judgment or choice, the issue of social, economic, or political
13 policy relative to Crawford's and Whorton's actions has not yet been presented to the court.  The
14 court therefore concludes that at the pleading stage, discretionary immunity does not defeat
15 Crawford's and Whorton's alleged failure to stop the defamatory statements.[2]
16 　　　IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration (#53) is
17 GRANTED in part and DENIED in part.
18 　　　IT IS SO ORDERED.
19 　　　DATED this 21st day of May, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] Because Holbrook does not challenge the court's dismissal of his other negligence theories, the court expresses no view as to the validity of those alternate theories of recovery.

4